CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
DAVID MENNINGER (Bar No. 281460)
David_Menninger@fd.org
JONATHAN K. OGATA (Bar No. 325914)
Jonathan_Ogata@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
PABLO EDEL NOE RAMIREZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>PABLO EDEL NOE RAMIREZ,<br><br>　　　　　Defendant. | Case No. 8:21-cr-00045-JLS<br><br>**NOTICE OF MOTION AND MOTION FOR A NEW TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT A**<br><br>**Hearing date: August 30, 2024**<br>**Hearing time: 30 minutes**<br>**Hearing location: Courtroom of Honorable Josephine L. Staton** |

Defendant Pablo Ramirez, through counsel of record Deputy Federal Public Defenders David Menninger and Jonathan Ogata, hereby moves this Honorable Court for a new trial under Federal Rule of Criminal Procedure 33.

This motion is based on the attached Memorandum of Points and Authorities, declarations, exhibits all files and records in this case, and any further evidence and argument as may be presented to the Court.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 24, 2024     By  /s/ David Menninger
DAVID MENNINGER
JONATHAN K. OGATA
Deputy Federal Public Defenders
Attorneys for PABLO RAMIRE

# MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Ramirez moves for a new trial based on limitations that this Court placed on his questioning at trial concerning a government exhibit. Mr. Ramirez acknowledges that the Court considered and rejected his arguments at trial; however, he seeks to preserve the issue and complete the record for appeal.

At trial, the government introduced Exhibit 11, which the government argued was a sworn statement from Mr. Ramirez. The government contended that this document was in effect a confession containing Mr. Ramirez's own words. The case agent also testified that documents found in Mr. Ramirez's A file—including Exhibit 11—were accurate, and that the statements in them were accurate. The defense disputed the accuracy and reliability of the statements in Exhibit 11, pointing out that the government did not call the officer who purportedly took the statement, Mitchell Gangwish, to testify at trial.

In a further effort to undermine the unreliability of Exhibit 11, the defense also sought to highlight errors in the document. To that end, defense counsel questioned the case agent about a particular statement on the document regarding the citizenship of Mr. Ramirez's mother. In the document, under the question "Of what country is your mother a citizen," the handwritten response says "Mexico." Evidence found in Mr. Ramirez's A file and produced by the government unequivocally shows that Mr. Ramirez's mother, Bertha Pina, is a U.S. citizen. (Exhibit A.) Thus, this statement on Exhibit 11 is false, and the falsity of this statement tends to undermine the accuracy of the other statements in the document. Further, it tends to undermine the government's argument that the non-testifying officer simply recorded Mr. Ramirez's words, because Mr. Ramirez would not logically deny his mother's U.S. citizenship.

However, the Court sustained the government's objections and would not allow defense counsel to question the case agent about the falsity of that statement. Instead, the Court only permitted defense counsel to elicit testimony that the statement in Exhibit 11 was contradicted by other documents in Mr. Ramirez's A file. During deliberations, the jury sent a note asking for "documentation that defendent's [sic] mother is a U.S. citizen." (ECF 158.) The jury, apparently, was asking for precisely the evidence that Mr. Ramirez attempted to elicit, which showed that the government's alleged confession was unreliable. The Court declined to provide that evidence to the jury or otherwise alter its ruling.

A defendant's Due Process rights are violated when the government "allows false evidence to go uncorrected when it appears." *Hayes v. Brown*, 399 F.3d 972, 980 (9th Cir. 2005) (en banc). That right goes far beyond the protection against knowing perjury; a defendant need not allege perjury to establish a Due Process violation of this ilk. *Id.* ("*Napue*, by its terms, addresses the presentation of false evidence, not just the subornation of perjury."). Rather, "[d]ue process protects defendants against the knowing use of any false evidence by the State, whether it be by document, testimony, or any other form of admissible evidence." *Id.*

Here, the government's documentary evidence contained a falsity, and yet the government's case agent testified that the statements in the document were true. Not only did the government not correct this falsity, it successfully objected when the defense attempted to do so. The testimony that this statement was "contradicted" by other documents did not cure the error; Due Process requires that a jury know that a false statement is "false" and not just "contradicted." Because the fact that the statement was false was hidden from

2

the jury, Mr. Ramirez's Due Process rights were violated and he is entitled to a new trial.

                                  Respectfully submitted,

                                  CUAUHTEMOC ORTEGA
                                  Federal Public Defender

DATED:  July 24, 2024         By  */s/ David Menninger*
                                  DAVID MENNINGER
                                  JONATHAN K. OGATA
                                  Deputy Federal Public Defenders
                                  Attorney for PABLO RAMIREZ

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Pablo Ramirez, certifies that this brief contains 660 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated [*date*].

DATED: July 23, 2024                    By  */s/ David Menninger*
                                            DAVID MENNINGER
                                            Deputy Federal Public Defender